UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEUTSCHE BANK NATIONAL TRUST)        CASE NO. 1:05CV2771
COMPANY, fka BANKERS TRUST, etc. )
              Plaintiff,         )        JUDGE CHRISTOPHER A. BOYKO
                              )
      vs.               )
                              )        OPINION AND ORDER
ANGELA Y. MERLES fna ANGELA Y.  )
MERLES-STEPHENS, et al.,       )
            Defendants.     )

CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon the Motion (ECF DKT #18) for Summary

Judgment of Plaintiff, Deutsche Bank National Trust Company, fka Bankers Trust Company

of California, N.A., as Trustee ("Deutsche"), against Defendant, Angela Y. Merles, etc.

("Merles"), as well as Plaintiff Deutsche's Motion (ECF DKT #23) for Default Judgment

against the Unknown Spouse, if any, of Angela Y. Merles, etc.  For the reasons that follow,

both motions are granted.

I. FACTUAL BACKGROUND

On July 19, 2001, Defendant Merles executed a Promissory Note and executed and

delivered a Mortgage to secure amounts due on the Note.  Deutsche is the holder and owner

of the Note and Mortgage.  The Mortgage conveys to Deutsche property commonly known as

7225 Raynham Drive, Oakwood, Ohio 44146, Permanent Parcel No. 795-11-087.  Deutsche

brought this Complaint, alleging Defendants are in default under the terms and conditions of

the Note and Mortgage.  Service was completed upon all Defendants.  Defendant Merles

answered; but Defendant, Unknown Spouse, did not answer, move or otherwise plead.  A

Clerk's entry of default was filed as to the Unknown Spouse on March 16, 2006.  On

February 3, 2006, Deutsche filed its Motion for Summary Judgment against Merles.  A docket

entry subsequent to the Case Management Conference held on March 16, 2006 recited:

"defendant was advised to contact plaintiff's counsel or the bank representative directly

regarding the possibility of a payment plan to save her house from foreclosure sale.  The court

noted that plaintiff filed a motion for summary judgment.  Defendant shall file her response to

that motion by 4/17/06 or the motion will be granted as unopposed."  To date, no opposition

brief has been submitted.

## II. LAW AND ANALYSIS

A summary judgment should be granted only if  "the pleadings, depositions, answers

to interrogatories, written admissions, affidavits, transcripts of evidence, and written

stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law."  See,

Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a

genuine issue of material fact.  *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

burden then shifts to the nonmoving party to come forward with evidence showing there is a

genuine issue for trial.  *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The

evidence of

 the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."
*Id.* at 255.

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired."  The district court's power to grant dispositive motions because they are unopposed is firmly settled.  *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000)).  A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit.  *Cacevic, id.*

Deutsche submits the affidavit of its loan servicing agent, which establishes that Deutsche is the owner and holder of the Promissory Note and Mortgage and is entitled to enforce its rights under them; that Angela Y. Merles fna Angela Y. Merles-Stephens signed the Promissory Note, promising to make monthly payments on or before the date such payments were due; that the Mortgage conveyed to Deutsche the property commonly known as 7225 Raynham Drive, Oakwood, Ohio 44146, Permanent Parcel No. 795-11-087; that monthly payments were not made; that written notice of default was given; that the sums due under the Note were accelerated; and that there is due and owing on the Note, principal in the amount of Ninety-Eight Thousand Six Hundred Seven Dollars and Ninety-Seven Cents ($98,607.97), plus interest on the unpaid principal at the rate of nine and one-quarter percent per annum from June 1, 2005.

-3-

The Court finds Defendant, Unknown Spouse, if any, of Angela Y. Merles fna Angela Y. Merles-Stephens, has failed to file an answer to the Complaint, although duly served. Thus, the Motion of Plaintiff Deutsche for Default Judgment is granted.

Because Defendant Merles has failed to file any response to Deutsche's Motion for Summary Judgment, the facts in Deutsche's supporting affidavit are unrefuted.  Deutsche is, therefore, entitled to summary judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c); Local Rule 7.1(g).

### III. CONCLUSION

For the foregoing reasons, judgment is granted in favor of Plaintiff Deutsche and against Defendants, Angela Y. Merles, etc. and her Unknown Spouse, if any, for the principal amount due on the Note in the amount of Ninety-Eight Thousand Six Hundred Seven Dollars and Ninety-Seven Cents ($98,607.97), plus interest on the outstanding principal balance at the rate of nine and one-quarter percent per annum from June 1, 2005, and costs.  If this judgment is not satisfied within ten (10) days, Plaintiff Deutsche may file its Proposed Decree in Foreclosure and Motion for Order of Sale and Appointment of Master Commissioner in accordance with the terms of General Order No. 2006-16.

**IT IS SO ORDERED**.

**DATE:    9/18/06**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**